IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL DONOVAN WALDE,

    Plaintiff,
v.                                        CASE NO. 1:19-cv-101-AW-GRJ

FLORIDA CHILD SUPPORT
PROGRAM and FLORIDA DEPT.
OF REVENUE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* initiated this case by filing a *pro se* complaint, and has been granted leave to proceed as a pauper by separate order.  Plaintiff is proceeding pursuant to an Amended Complaint, ECF No. 7, which is before the Court for screening pursuant to 28 U.S.C. § 1915.  For the following reasons, the undersigned recommends that this case be dismissed for lack of subject matter jurisdiction.

Plaintiff alleges that he has received an order for payment of child support from the Florida Department of Revenue Child Support Program, and that his wages are being garnished.  Plaintiff alleges that the Department of Revenue will not tell him why the order has been issued.  Plaintiff contends that the child support order amounts to a violation of his due process and equal protection rights under the 14th Amendment.  The

named Defendants are the Florida Department of Revenue and Ann Coffin, identified as an employee of the "Child Support Program". Plaintiff seeks injunctive relief stopping the payments and removing any liens. ECF No. 7.

Under 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C § 1915(e). The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*).*

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

Even liberally construed, the allegations of the Complaint are

insufficient to establish a basis for the exercise of federal subject matter jurisdiction. The payment of child support is a matter of state law, and a mere allegation that Plaintiff has been denied "due process" in connection with a state-law matter does not establish a basis for the exercise of federal jurisdiction.

To the extent that Plaintiff is attempting to assert a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The plaintiff must allege facts showing an affirmative causal connection between each individual defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

There are no factual allegations against any named Defendant suggesting that Plaintiff could assert a cognizable claim under § 1983. *See* ECF No. 7. The Court afforded Plaintiff an opportunity to amend his complaint to assert a basis for the exercise of federal subject matter jurisdiction, and he has not done so.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed for lack of subject matter jurisdiction.

**IN CHAMBERS** this 12th day of August 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.